1
2
3            **NOT FOR CITATION**
4        IN THE UNITED STATES DISTRICT COURT
5      FOR THE NORTHERN DISTRICT OF CALIFORNIA
6

7   LANCE GRANT VAN HOOK,              )        No. C 05-2345 PJH (PR)
                                       )
8                    Petitioner,       )        ORDER TO SHOW CAUSE
                                       )
9        vs.                           )
                                       )
10  A. P. KANE, Warden,                )
                                       )
11                   Respondent.       )
                                       )
    _____   )
12

13       Petitioner, a California prisoner currently incarcerated at the Correctional

14  Training Center in Soledad, has filed a pro se petition for a writ of habeas corpus

15  pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

16       The petition attacks denial of parole, so venue is proper in this district, which is

17  where petitioner is confined.  See 28 U.S.C. § 2241(d).

18                            **BACKGROUND**

19       Petitioner was convicted of second degree murder in 1989.  He received a

20  sentence of fifteen years to life, plus two years.  In 2004 he was denied parole; it this

21  decision he challenges here.  He alleges that he has exhausted these claims by way of

22  state habeas petitions.

23                            **DISCUSSION**

24  A.  Standard of Review

25       This court may entertain a petition for a writ of habeas corpus "in behalf of a

26  person in custody pursuant to the judgment of a State court only on the ground that he is

27  in custody in violation of the Constitution or laws or treaties of the United States."  28

28  U.S.C. § 2254(a).

1 It shall "award the writ or issue an order directing the respondent to show cause

2 why the writ should not be granted, unless it appears from the application that the

3 applicant or person detained is not entitled thereto." Id. § 2243.

4 B. Legal Claims

5 As grounds for federal habeas relief, petitioner asserts that:  (1) His due process

6 rights were violated in the denial of parole; (2) the BPT violated the Americans with

7 Disabilities Act in relying on his perceived status as a drug abuser to deny parole; and

8 (3) his due process rights were violated by the makeup of the board.  These claims are

9 sufficient to require a response.

**CONCLUSION**

10

11 1.  The clerk shall serve by regular mail a copy of this order and the petition and

12 all attachments thereto on respondent and respondent's attorney, the Attorney General

13 of the State of California.  The clerk also shall serve a copy of this order on petitioner.

14 2.  Respondent shall file with the court and serve on petitioner, within sixty days of

15 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

16 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

17 be granted.  Respondent shall file with the answer and serve on petitioner a copy of all

18 portions of the state trial record that have been transcribed previously and that are

19 relevant to a determination of the issues presented by the petition.

20 If petitioner wishes to respond to the answer, he shall do so by filing a traverse

21 with the court and serving it on respondent within thirty days of his receipt of the answer.

22 3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

23 answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

24 Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

25 and serve on respondent an opposition or statement of non-opposition within thirty days

26 of receipt of the motion, and respondent shall file with the court and serve on petitioner a

27

28

1  reply within fifteen days of receipt of any opposition.

2      4. Petitioner is reminded that all communications with the court must be served

3  on respondent by mailing a true copy of the document to respondent's counsel.

4  Petitioner must keep the court informed of any change of address and must comply with

5  the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

6  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See

7  Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in

8  habeas cases).

9  SO ORDERED.

10

11  DATED: July 11, 2005.

12

13                     PHYLLIS J. HAMILTON
                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24  G:\PRO-SE\PJH\HC.05\VANHOOK345.OSC

25

26

27

28